**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Steven Larimore, Clerk Of Court
299 E. Broward Blvd., Room 108
Ft. Lauderdale, FL 33301
(954) 769-5400

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ JAN 2 6 2012 ★

BROOKLYN OFFICE

Friday, January 21, 2011

U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: 11-mj-6018-RSR, United States v. Vito Vizzi (Your Case No. 11-cr-30-~~SLT~~)
KAM

Dear Fellow Clerk:

Please find enclosed our original Magistrate file and a copy of the
docket sheet which is being transferred to your jurisdiction pursuant
Rule 5 (Removal). All documents in this case have been uploaded to
CM/ECF an can be accessed through PACER. Any cash bond which may have
been posted will be forwarded at a later date from the Financial Section
of this District. If you have any questions concerning the financial
aspect of the bond, please call our financial section in Miami at (305)
523-5050.

Please acknowledge receipt of the copy of this letter.

Respectfully,

STEVEN LARIMORE
CLERK OF COURT

by: _____
     Deputy Clerk

Receipt acknowledged by: _____
Print Name: _____
Title: _____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-mj-6018-RSR

UNITED STATES OF AMERICA
Plaintiff,

v.

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ JAN 2 6 2012 ★

BROOKLYN OFFICE

Vito Vizzi
Defendant,

I, **Vito Vizzi**, and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $**100,000 corporate surety bond with a *Nebbia* requirement.**

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial *preparation upon* written notice to the Clerk of this court  or the court to which the case has been removed or transferred.  The Southern District of Florida  consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on this bond without prior permission in writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court.  The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5.  The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135(a).

6.  Shall not commit any act in violation of state or federal laws.

PAGE TWO
DEFENDANT: Vito Vizzi
CASE NUMBER: 11-mj-6018-RSR

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

_x_a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case; turn over current passport to pretrial services

_x_b. Report to Pretrial Services as follows: ( x ) *as directed or* _____ *time(s) a week in person and* _____ *time(s) a week by telephone;*

_x_c. Submit to substance abuse testing and/or treatment;

_x_d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a  prescription by a licensed medical practitioner;

___e. Participate in mental health assessment and/or treatment;

___f. Participate and undergo a sex offense specific evaluation and treatment;

_x_g. Maintain or actively seek full-time employment;

___h. *Maintain or begin an educational program;*

_x_i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

_x_j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

___k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;*

___m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

___n. **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or ( ) **will include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).**

_____ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

_____ **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations, and ( )other**

_____

___o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a  halfway house or community corrections center and abide by all the rules and regulations of the program.
*You are restricted to the halfway house at all times except for:* ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and** ( ) **other** _____

_x_p. May travel to and from:_E. Dist. NY and S. Dist. Fl. and places in between; d must notify Pretrial Services of travel plans before leaving and upon return.

___q. Comply with the following additional conditions of bond:

_____

_____

DEFENDANT: Vito Vizzi
CASE NUMBER: 11-mj-6018-RSR

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; *18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation*; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)   an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)   an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)   any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)   a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

**PAGE FOUR**

**DEFENDANT: Vito Vizzi**
**CASE NUMBER: 11-mj-6018-RSR**

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

**DEFENDANT**

Signed this _20th_ day of _January_____, 2011   at Fort Lauderdale, Florida
Signed and acknowledged before me:          DEFENDANT: (Signature) _____

WITNESS: _____        _____
_____
_____City_____    _____State_____        _____City_____    _____State_____

**CORPORATE SURETY**

Signed this _21st_ day of _January_, 2011 at _Fort Lauderdale_, Florida
SURETY: _City Bail Bonds_____        AGENT:(Signature) _Natasha W Braynen_
_DANIA BEACH____  _FL_____
_____City_____    _____State_____        PRINT NAME: _Natasha W Braynen_

**INDIVIDUAL SURETIES**

Signed this___ day of _____, 2011 at _____, Florida     Signed this___ day of _____, 2011 at_____,Florida
SURETY:(Signature) _____      SURETY:(Signature) _____

PRINT NAME: _____      PRINT NAME: _____

RELATIONSHIP TO DEFENDANT_____      RELATIONSHIP TO DEFENDANT_____

_____   _____            _____   _____
_____City_____    _____State_____        _____City_____    _____State_____

Signed this __ day of _____, 2011 at ____, Florida     Signed this___ day of _____, 2011 at_____, Florida
SURETY:(Signature) _____      SURETY:(Signature) _____

PRINT NAME: _____      PRINT NAME: _____

RELATIONSHIP TO DEFENDANT_____      RELATIONSHIP TO DEFENDANT_____

_____   _____            _____   _____
_____City_____    _____State_____        _____City_____    _____State_____

**APPROVAL BY COURT**

Date: _1-20-2011_____                _Robin S. Rosenbaum_

                                             ROBIN S. ROSENBAUM
                                             UNITED STATES MAGISTRATE JUDGE

# LEXINGTON NATIONAL INSURANCE CORPORATION

**200 East Lexington Street, Suite 501 · Baltimore, Maryland 21202 · (410) 625-0800**
**GENERAL SURETY APPEARANCE BOND**

POWER NO. _EE000117_

ARREST/CASE NO. _11-MI-6018-RSR_

STATE OF FLORIDA

VS.

_Vito Vizzi_

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **JAN 26 2012** ★

**BROOKLYN OFFICE**

**SEND ALL COURT NOTICES TO:**

City Bail Bonds
Federal Hwy #59
Dania, FL 33004
(954) 929-4201
TRANSFER AGENT

Name _____

Street _____

City _____ State ____ Zip _____

In The _FEDERAL_ Court

_BROWARD_ County

KNOWN ALL MEN BY THESE PRESENTS: That we, the above captioned defendant, as Principal, and Lexington National Insurance Corporation, a Maryland corporation, as Surety, are held and firmly bond unto the State of Florida, and its successors, to the penal sum of $ _100,000_

Dollars, for the payment whereof well and truly to be made we bind ourselves, our heirs, representatives, successors, and assigns, jointly and severally, firmly by these presents.

The condition of this obligation is such that if the said principal shall appear on _____, 20 _____ at _____ at the next regular or special term of the above captioned court only and shall submit to the said court to answer a charge of _____ only and shall submit to orders and process of said court and not depart same without leave, then this obligation to be void, else to remain in full force and virtue.

SIGNED AND SEALED this _21st_ day of _January_ , A.D., 20 _11_ .

Taken before me and approved by me:

_____ (L.S.)

_____ , Clerk/Sheriff

**PRINCIPAL**

**LEXINGTON NATIONAL INSURANCE CORPORATION**

_Natasha Y. Braynen_

By _____

By _Natasha Y. Braynen_ (L.S.)
(ATTORNEY-IN-FACT) (Surety)

_D003660_

**STATEMENT OF THE BONDSMAN**

I, THE UNDERSIGNED, AM A DULY LICENSED BAIL BONDSMAN and have registered for the current year with the office of the Clerk of Courts of the aforementioned county, and have filed a certified copy of my appointment by Power of Attorney for the Surety with the office of the Clerk of Court of the aforementioned county.

That the Principal named in the foregoing bond of (Address) _____ has (given or promised to give) the sum of _Fifteen Thousand_ ($_15,000_)

Dollars as consideration for the foregoing bond, filed with the Clerk of the above captioned Court, located in said County, together with the (promise or receipt) of security belonging to: _Anna Vizzi_

as follows: (detail description and source of collateral security) (if none, so state) _Promissory Note,_ _Indemnity Agreement, Mortgage Agreement_

That a duly signed receipt has been given to the said principal for the consideration given and/or that the said indemnitor has (also been) given a receipt for the security described above.

Agent's Signature _Natasha Y. Braynen_

Agency _City Bail Bonds_

**White - Court Copy**     **Yellow - Agent's Copy**     Appearance 5/06

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 11-6018-RSR

UNITED STATES OF AMERICA

v.

VITO VIZZI,

        Defendant.

_____/

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 2 6 2012 ★

**BROOKLYN OFFICE**

**ORDER**

       This matter comes before the Court upon Defendant's Motion to Reveal *Nebbia* Collateral and Source of Funds [D.E. 7] and the Government's Notice of Compliance With *Nebbia* Condition [D.E. 8], which effectively stipulates that Defendant's *Nebbia* proffer satisfies the *Nebbia* condition, and no hearing is necessary on this matter at this time. The Court has also independently reviewed the *Nebbia* proffer. Upon consideration of these materials, it is hereby **ORDERED AND ADJUDGED** that the *Nebbia* requirement on Defendant Vizzi's bond is satisfied.

       Done and ordered this 21st day of January 2011.

                                         ROBIN S. ROSENBAUM
                                       UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of Record

The face of this document has microprinted signature lines. The back is printed with an artificial watermark.

Only the Original Power of Attorney will bind this surety.



**POWER OF ATTORNEY**
**LEXINGTON NATIONAL INSURANCE CORPORATION**  Power No. 2011-EE-**000117**
P.O. Box 6098, Lutherville, Maryland 21094 • 410-625-0800

2011-EE-000117

THIS POWER OF ATTORNEY NULL AND VOID UNLESS USED BEFORE 1/1/12

KNOW ALL MEN BY THESE PRESENTS, that LEXINGTON NATIONAL INSURANCE CORPORATION, a corporation duly organized and existing under the laws of the State of Maryland hereby constitutes and appoints, subject to any General Qualifying Power of Attorney or other legal prerequisite, as its true and lawful attorney-in-fact the person signing below as Attorney-in-Fact, with full power and authority to sign the Company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the Company as fully and to all intents and purposes as if done by the regularly elected officers of the Company at its home office in their own proper person; and the Company hereby ratifies and confirms all and whatsoever its attorney-in-fact may lawfully do and perform in the premises by virtue of these presents.

THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF ONE HUNDRED THOUSAND DOLLARS (100,000.00). THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED, VOID IF USED TO FURNISH BAIL ON THE SUBJECT BOND IN EXCESS OF THE STATED MAXIMUM AMOUNT OF THIS POWER AND VOID IF USED WITH OTHER POWERS OF THIS COMPANY OR OTHER POWERS OF OTHER COMPANIES TO MAKE BAIL ON THE SUBJECT BOND. EACH POWER OF ATTORNEY CAN ONLY BE USED ONCE AND MAY BE EXECUTED ONLY FOR RECOGNIZANCE ON CRIMINAL BAIL BONDS.

Bond Amount: $ _100,000−_

**NOT VALID FOR IMMIGRATION BONDS**

Defendant: _Vito Vizzi_

First Court Date: _____   Case Number: _11-mj-6018-RSR_

Defendant's Address: _____

Court: _FEDERAL_   County/City: _Broward/Ft.Lauderdale_   State: _____

Offense(s): _____

Date of Execution: _21 JANUARY 2011_   Court Assigned Agent #: _D003060_

Attorney-in-Fact: _NATASHA Y. BRAYNEN_   _(signature)_
Print Name                  Signature

IN WITNESS WHEREOF, LEXINGTON NATIONAL INSURANCE CORPORATION, by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate seal, signed by its President and attested by its Secretary this 9th day of April, 1996.

President _(signature)_

Secretary _(signature)_

LEXINGTON NATIONAL INSURANCE CORP.
1989
MARYLAND

1. A separate Power of Attorney must be attached to each bond executed.
2. Powers of Attorney must not be returned to attorney-in-fact, but should remain a permanent part of court records.
3. The authority of such attorney-in-fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to release conditions, travel limitations, payment of fines, restitution, or penalties, or any other conditions imposed by a court not specifically related to court appearance.

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
★ JAN 26 2012 ★
BROOKLYN OFFICE

DEFENDANT: V~ Vizzi
CASE NUMBER: 11-mj-6018-RSR

---

**DO NOT SCAN THIS PAGE**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 2 6 2012 ★

BROOKLYN OFFICE

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey *all conditions of this bond*, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this___ day of _____, 2011  at Fort Lauderdale, Florida

Signed and acknowledged before me:                    DEFENDANT: (Signature) _____

WITNESS: _____        ADDRESS: _____

ADDRESS: _____        _____ Tel _____

_____Tel_____

### CORPORATE SURETY

Signed this 21st day of January, 2011  at Ft Lauderdale, Florida

SURETY: City Bail Bonds                    AGENT:(Signature) Natasha Y Brayner

ADDRESS: 233 N. Federal Hwy #59            PRINT NAME: Natasha Y Braynen

Dania Beach, FL   ZIP 33004                TELEPHONE: (954) 926-4201

### INDIVIDUAL SURETIES

Signed this ___day of_____ , 2011 at _____, Florida      Signed this___ day of _____, 2011 at _____, Florida

SURETY:(Signature) _____          SURETY:(Signature)_____

PRINT NAME:_____                  PRINT NAME: _____

RELATIONSHIP TO DEFENDANT _____               RELATIONSHIP TO DEFENDANT_____

ADDRESS: _____                    ADDRESS: _____

_____ Tel:_____                       _____ Tel:_____

Signed this __ day of _____, 2011 at _____ , Florida    Signed this___ day of _____, 2011 at _____, Florida

SURETY:(Signature)_____           SURETY:(Signature) _____

PRINT NAME: _____                 PRINT NAME: _____

RELATIONSHIP TO DEFENDANT_____                RELATIONSHIP TO DEFENDANT_____

ADDRESS:_____                     ADDRESS:_____

_____Tel_____                    _____ Tel _____

The face of this document has microprinted signature lines. The back is printed with an artificial watermark.

Only the Original Power of Attorney will bind this surety.

# POWER OF ATTORNEY
## LEXINGTON NATIONAL INSURANCE CORPORATION

P.O. Box 6098, Lutherville, Maryland 21094 • 410-625-0800

2011-EE-000117

Power No. 2011-EE-000117

THIS POWER OF ATTORNEY NULL AND VOID UNLESS USED BEFORE **1/1/12**

KNOW ALL MEN BY THESE PRESENTS, that LEXINGTON NATIONAL INSURANCE CORPORATION, a corporation duly organized and existing under the laws of the State of Maryland hereby constitutes and appoints, subject to any General Qualifying Power of Attorney or other legal prerequisite, as its true and lawful attorney-in-fact the person signing below as Attorney-in-Fact, with full power and authority to sign the Company's name and affix its corporate seal to, and deliver on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the Company as fully and to all intents and purposes as if done by the regularly elected officers of the Company at its home office in their own proper person; and the Company hereby ratifies and confirms all and whatsoever its attorney-in-fact may lawfully do and perform in the premises by virtue of these presents.

THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF ONE HUNDRED THOUSAND DOLLARS (100,000.00). THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED, VOID IF USED TO FURNISH BAIL ON THE SUBJECT BOND IN EXCESS OF THE STATED MAXIMUM AMOUNT OF THIS POWER AND VOID IF USED WITH OTHER POWERS OF THIS COMPANY OR OTHER POWERS OF OTHER COMPANIES TO MAKE BAIL ON THE SUBJECT BOND. EACH POWER OF ATTORNEY CAN ONLY BE USED ONCE AND MAY BE EXECUTED ONLY FOR RECOGNIZANCE ON CRIMINAL BAIL BONDS.

Bond Amount: $ 100,000-

**NOT VALID FOR IMMIGRATION BONDS**

Defendant: Vito Vizzi

First Court Date: _____ Case Number: 11-MJ-6018-RSR

Defendant's Address: _____

Court: FEDERAL   County/City: Broward/Ft.Lauderdale   State: _____

Offense(s): _____

Date of Execution: 21 JANUARY 2011   Court Assigned Agent #: D0036060

Attorney-in-Fact: NATASHA Y. BRAYNEN (Print Name)   Natasha Y. Braynen (Signature)

IN WITNESS WHEREOF, LEXINGTON NATIONAL INSURANCE CORPORATION, by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate seal, signed by its President and attested by its Secretary this 9th day of April, 1996.

President / Secretary



(Seal: LEXINGTON NATIONAL INSURANCE CORP. 1989 MARYLAND)

1. A separate Power of Attorney must be attached to each bond executed.
2. Powers of Attorney must not be returned to attorney-in-fact, but should remain a permanent part of court records.
3. The authority of such attorney-in-fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to release conditions, travel limitations, payment of fines, restitution, or penalties, or any other conditions imposed by a court not specifically related to court appearance.