

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/AL
F.#2010R00153

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 27, 2012

By Hand Delivery and ECF

Gregory Giblin
United States Probation Officer
United States Probation Department
147 Pierrepont Street
Brooklyn, New York 11201

       Re:  United States v. Vito Vizzi
            Criminal Docket No. 11-30 (KAM)

Dear Officer Giblin:

       The government respectfully writes in response to the defendant's letter dated February 17, 2012, setting forth objections to the Presentence Investigation Report submitted on February 10, 2012, in the above-captioned case ("Def.'s Objs." and the "PSR," respectively).

       The defendant argues that paragraphs 4 to 9 of the PSR are not relevant to this case. (Def.'s Objs. at 1.) In those paragraphs, the Probation Department sets forth background facts about the Colombo organized crime family of La Cosa Nostra (the "Colombo family" and "LCN," respectively), as well as the purposes, methods and means of those criminal enterprises. The government submits that this information is properly included in the PSR. The defendant's association with the Colombo family is directly related to the crime to which the defendant pleaded guilty, i.e., conspiring to distribute marijuana, which he did with members and associates of the Colombo family.

       The defendant also writes that paragraphs 14, 15 and 17 of the PSR contain information about the charged conspiracy that constitute mere "talk" and "puffery." (Id. at 1-2.) The defendant does not ask the Probation Department to strike these paragraphs, however, and it is not clear if he seeks any relief as to them. To the extent he does, the government submits that these paragraphs are properly included in the PSR. They include information indicating that the defendant and his co-conspirators

were interested in acquiring and selling additional marijuana. Although the government does not seek to include the additional quantity in determining the advisory Guidelines range of imprisonment, this information is relevant to imposing sentence pursuant to 18 U.S.C. § 3553(a), and in particular to rebutting any suggestion the defendant might make that his crime was an aberration.

       The defendant objects to paragraphs 22, 27 to 29 and 64 because the amount of marijuana used to determine the applicable Guidelines range includes the additional quantity that the co-conspirators discussed acquiring and selling.  (Def.'s Objs. at 2.)  The government agrees with the defendant.  On October 5, 2010, co-defendant Joseph DiMarco provided approximately 680.4 grams of marijuana to a cooperating witness.  (PSR ¶ 11.)  On January 20, 2011, agents seized approximately 2,657.9 grams of marijuana from DiMarco's home.  (Id. ¶ 16.)  The total quantity of marijuana provided and seized is 3,338.3 grams.  Although the defendant discussed distributing an additional quantity of marijuana with a cooperating witness (PSR ¶¶ 14-15), the government is not able to prove that the defendant formed an agreement to distribute this additional quantity with someone other than the cooperating witness, a government agent. Therefore, the government submits that the base offense level is 12.  (U.S.S.G. § 2D1.1(a)(5) & (c)(14).)

The defendant objects to paragraph 74 because he submits that a two-level reduction in the total offense level is warranted based on a global disposition. (Def.'s Objs. at 2-3.) The government agrees that this reduction is warranted. Therefore, the total offense level is 8 and, because the defendant is in Criminal History Category II, the advisory Guidelines range of imprisonment is 4 to 10 months.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:      /s/
Elizabeth A. Geddes
Allon Lifshitz
Assistant U.S. Attorneys
(718) 254-6430/6164

cc: Hon. Kiyo A. Matsumoto (by ECF and Hand Delivery)
    Gary Schoer, Esq. (by ECF)
    Clerk of the Court (KAM) (by ECF)