

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/AL
F.#2010R00153

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

March 7, 2012

By Hand Delivery and ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Vito Vizzi
            Criminal Docket No. 11-30 (KAM)

Dear Judge Matsumoto:

    The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for March 15, 2012.  For the reasons set forth below, the government respectfully asks the Court to sentence the defendant within the advisory Guidelines range of 4 to 10 months.

I.   Background

    On January 12, 2011, a grand jury in the Eastern District of New York returned an indictment charging the defendant and thirty-eight others with a variety of offenses based on their leadership of, membership in and association with the Colombo organized crime family of La Cosa Nostra (the "Colombo family" and "LCN," respectively).  (Docket Entry No. 1.)  The defendant was charged in Count Fifty-four of the indictment with conspiring to distribute marijuana, in violation of 18 U.S.C. § 846.

    On January 20, 2011, the indictment was unsealed and the defendant was arrested.  (Docket Entries No. 2; Presentence Investigation Report ("PSR") ¶ 16.)  On July 26, 2011, the defendant pled guilty, pursuant to a plea agreement, to Count Fifty-four.  (PSR ¶ 1.)

II.   <u>Discussion</u>

The government respectfully submits that a sentence within the advisory Guidelines range is appropriate.

A.   <u>Legal Standard</u>

The Sentencing Guidelines are advisory, not mandatory. <u>United States v. Booker</u>, 543 U.S. 220, 258-60 (2005). However, the Supreme Court held in <u>Booker</u> that sentencing courts must consider the Guidelines in formulating an appropriate sentence. <u>Id.</u>  In <u>Gall v. United States</u>, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of <u>Booker</u>:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

<u>Gall</u>, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented." <u>Id.</u> at 49-50 (citation and footnote omitted).

B.   <u>The Guidelines Range Is 4 to 10 Months</u>

As set forth in the parties' letters setting forth their objections to the PSR, the parties agree that the adjusted offense level is 12, the defendant is in Criminal History Category II, and the advisory Guidelines range of imprisonment is 4 to 10 months.

C.   <u>A Sentence Within the Guidelines Range Is Appropriate</u>

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

1.   <u>The Nature and Circumstances of the Offense</u>

Over a three month period, the defendant distributed 680 grams of marijuana – imported from Canada – to a cooperating

-2-

witness and proposed distributing an additional 25 pounds of marijuana. Such conduct itself is a serious crime. 18 U.S.C. § 3553(a)(1). The seriousness of the conduct is significantly increased, however, because the defendant committed it under the auspices of the Colombo family, a dangerous criminal enterprise that uses violence, including murder, to further its interests. (PSR ¶¶ 6-8.) That is, the defendant was able to operate his drug trafficking business free from interference by other criminals because the business was protected by this dangerous criminal enterprise. Vizzi explained on a recording that he had to pay $100 per pound to then Colombo family captain (and co-defendant) Reynold Maragni. The government, therefore, respectfully submits that the nature and circumstances of the offense warrant a sentence within the advisory Guidelines range.

### 2. The Defendant's History and Characteristics

The defendant's history and characteristics support the imposition of a sentence within the Guidelines range. 18 U.S.C. § 3553(a)(1). Notably, the instant offense was not the defendant's first foray in federal court. Nor was it his first offense for a drug trafficking offense. In 2001, the defendant, together with his father, Antonio Vizzi, who now lives in Canada (the source of the marijuana in the instant offense), was convicted of conspiring to distribute over five kilograms of cocaine. (PSR ¶ 32).

Furthermore, the defendant's commission of criminal activity with the Colombo family was not limited to his participation in the marijuana distribution conspiracy. On September 15, 2010, Vizzi asked a cooperating witness (the "CW"), who resided in New York, if the CW could help Vizzi in collecting money from two individuals who lived in New York. Vizzi explained that former Colombo family streetboss Ralph Deleo had put Vizzi in touch with these two individuals, whom Vizzi identified as "Sammy" and "Mark" and advised resided in New York, to get involved in a marijuana deal and to initiate a sports-betting business. Vizzi told the CW that Sammy and Mark still owed Vizzi $20,000. Vizzi then provided a telephone number for one of the individuals and asked the CW to locate Sammy and Mark. In so asking for the CW's assistance, Vizzi was attempting to take advantage of the violent reputation of the crime family to obtain payment by violence or the credible threat of violence.

Finally, the defendant has shown a lack of candor with the Probation Department in connection with the preparation of this PSR. Vizzi advised the officer that he never had used any illicit substances aside from marijuana. Yet at his interview in

connection with his 2001 conviction, Vizzi disclosed that he had been a regular cocaine abuser and experimented with heroin and ecstacy.  (PSR ¶ 46).

### 3. Other Sentencing Factors

A sentence within the advisory Guidelines range is appropriate to reflect the seriousness of the offense, promote respect for the law and provide just punishment.  18 U.S.C. § 3553(a)(2)(A).  Notably, the defendant has demonstrated that he has little respect for the law.  At his last sentence, he conveyed apparent remorse for his criminal actions, stating that it "was the 'dumbest thing' he had ever done and wised to pay his debt to society and 'get on with his life.'"  (PSR ¶ 32).  Within a few years of his release, the defendant fully re-engaged in drug trafficking and other criminal activity.  The defendant's lack of candor with the probation department is also emblematic of his lack of respect for the law.

A sentence within the advisory Guidelines range is also appropriate to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(B) and (C).  "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence."  United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010).  The fact that the defendant's prior sentence did not deter the defendant suggests that a sentence of probation would not be sufficient to satisfy the purposes of specific deterrence and protecting the public from the defendant's crimes.  In addition, a sentence within the advisory Guidelines range is necessary in order to deter others who, like the defendant, are in a position to choose between obeying the law and committing crimes.

III. Conclusion

For all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 4 to 10 months.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
Elizabeth A. Geddes
Allon Lifshitz
Assistant U.S. Attorneys
(718) 254-6430/6164

cc: Clerk of the Court (KAM) (by ECF)
Gary Schoer, Esq. (by ECF)
Gregory Giblin, U.S. Probation Officer (by email)